UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILAD ISKANDER,

Plaintiff,

v.

MS TRANSVERSE SPECIALTY
INSURANCE COMPANY, et al.,

Defendants.

No.  2:25-cv-01841-DAD-CKD

ORDER GRANTING DEFENDANT
COMPARION INSURANCE COMPANY'S
MOTION TO DISMISS WITH LEAVE TO
AMEND AND GRANTING DEFENDANT
MS TRANSVERSE SPECIALTY
INSURANCE COMPANY'S MOTION TO
DISMISS WITH LEAVE TO AMEND

(Doc. Nos. 3, 10)

This matter is before the court on the motion to dismiss plaintiff's third amended complaint (Doc. No. 1 at 76–118, "TAC") filed on behalf of defendant Comparion Insurance Company ("defendant Comparion") which was subsequently joined in by defendant Sonia Sevilla (Doc. No. 13), and the motion to dismiss plaintiff's TAC filed on behalf of defendant MS Transverse Specialty Insurance Company ("defendant Transverse").  (Doc. Nos. 3, 10.)  On August 4, 2025, the pending motions were taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 15.)  For the reasons explained below, the court will grant defendant Comparion's motion to dismiss with leave to amend and will grant defendant Transverse's motion to dismiss with leave to amend.

1

## BACKGROUND

On November 26, 2024, plaintiff filed his original complaint in the Solano County Superior Court initiating this civil action. (Doc. No. 1 at 9.) On May 27, 2025, plaintiff filed his operative TAC in the Solano County Superior Court. (*Id.* at 2, 76–118.) On June 30, 2025, defendants removed the action to this court. (Doc. No. 1.) In his TAC, plaintiff alleges as follows.

Plaintiff resides at 790 S Regatta Drive, Vallejo, CA 94591. (TAC at ¶ 1.) Plaintiff contacted defendant Sevilla, an insurance agent, to purchase a flood insurance policy to cover his property at 790 S Regatta Drive, Vallejo, CA 94591. (*Id.* at ¶ 8.) Plaintiff discussed potential coverage with defendant Sevilla, who indicated that the policy plaintiff purchased would include coverage to compensate for loss to plaintiff's residence as well as to the landscaping. (*Id.* at ¶¶ 9, 10.) Defendant Sevilla is an employee of defendant Comparion. (*Id.* at ¶ 4.) Plaintiff was assured by all defendants that the policy covered plaintiff's residence, yards, and gardens. (*Id.* at ¶ 12.) On or about February 22, 2023, plaintiff's front and back yards suffered extensive flood damage, estimated at between $350,000 and $500,000. (*Id.* at ¶ 13.) Defendant Transverse failed to "adequately respond to [p]laintiff's claim for damages" which caused plaintiff to pay several thousand dollars out of pocket to restore his yard. (*Id.* at ¶ 16.) Plaintiff attaches a copy of the policy to his complaint. (*Id.* at ¶ 12; 85–118); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Based on these allegations, plaintiff brings the following three claims: (1) breach of contract against defendant Transverse; (2) fraud against defendants Sevilla and Comparion; and (3) insurance bad faith against all defendants. (TAC at ¶¶ 18–28.)

On July 7, 2025, defendant Comparion filed its motion to dismiss the TAC. (Doc. No. 3.) On July 29, 2025, defendant Transverse filed its motion to dismiss the TAC. (Doc. No. 10.) On August 1, 2025, defendant Sevilla joined in defendant Comparion's motion to dismiss. (Doc. No. 13.) On August 8, 2025, plaintiff filed his oppositions to both pending motions. (Doc. Nos. 17, 18.) On August 13, 2025, defendant Transverse filed its reply and on August 18, 2025, defendant Comparion filed its reply. (Doc. Nos. 19, 20.)

**LEGAL STANDARD**

**A.     Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)), *aff'd*, 997 F.3d 848 (9th Cir. 2021).  Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).  Subject matter jurisdiction is required; it cannot be forfeited or waived. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156.  Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 3:13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  A party making a facial attack does not submit supporting evidence with the motion because jurisdiction is challenged based solely on the pleadings. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156; *see also Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1084 (N.D. Cal. 2019) ("[C]ourts do not consider evidence outside the pleadings when deciding a facial attack.") (citation omitted).  Important for purposes of resolving the pending motion, it has been recognized that "[t]he district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):  [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  However, in doing so the

/////

court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In ruling on a party's factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The movant may "rely on affidavits or any other evidence properly before the court," and the party opposing the motion must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979)).

Here, in moving to dismiss, defendant Transverse relies on exhibits attached to its motion in attempting to demonstrate that this court lacks subject matter jurisdiction over this action with respect to defendant Transverse. (Doc. No. 10 at 11–12.) Accordingly, the pending motion poses a factual attack under Rule 12(b)(1).

**B.    Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,

the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

## DISCUSSION

### A.    Defendant Transverse's Motion to Dismiss

Defendant Transverse argues that this court lacks subject matter jurisdiction because plaintiff did not file this action within one year of the denial of his insurance claim. (Doc. No. 10 at 11–16.) In particular, defendant Transverse maintains that 42 U.S.C. § 4072 provides the applicable one-year bar because plaintiff's insurance policy is part of the National Flood Insurance Program ("NFIP"). (*Id.*) Plaintiff appears to concede that the one year bar is applicable here, but argues that it operates as a statute of limitations which can be equitably tolled. (Doc. No. 17 at 3–4.) Accordingly, plaintiff argues that the one–year limitations period was tolled because of the actions of defendant Sevilla, who purportedly made multiple misrepresentations to plaintiff. (*Id.* at 4–5.)

By way of background, the Ninth Circuit has previously detailed the history of the NFIP as follows:

The National Flood Insurance Act, therefore, authorizes the federal government to establish the National Flood Insurance Program [], a program with "large-scale" federal involvement, to provide affordable flood insurance on a national basis and to discourage the construction of new structures in flood prone areas. *See* 42 U.S.C. §§ 4001(b), 4011(a)[.] . . . The National Flood Insurance Act outlines two alternative frameworks for implementing the NFIP. Part A allows an associated pool of private insurance companies to implement a privately operated program. *See* 42 U.S.C. §§ 4051, 4052. Part B authorizes the federal government to implement an alternative program through the "facilities of the federal government." 42 U.S.C. § 4071.

* * *

[Following HUD's decision to discontinue the private operation of the NFIP under Part A,] [i]n 1983, FEMA exercised its regulatory authority under 42 U.S.C. § 4081(a) and created the "Write Your Own" ("WYO") program to assist in marketing flood insurance through the "facilities of the federal government." The WYO program allows private insurers to write standard flood insurance policies under their own names. Coverage is provided under the auspices of the NFIP, pursuant to the program's regulations, and is identical in scope and in cost to policies issued directly by FEMA.

*Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 388–89 (9th Cir. 2000). The Standard Flood Insurance Policy ("SFIP") contains a "What Law Governs" provision which states that the policy and all disputes arising from the handling of that policy shall be determined according to the flood insurance regulations issued by FEMA, the NFIA, and by Federal common law. *Martin v. CSAA Ins. Exch.*, 300 F. Supp. 3d 1067, 1070 (N.D. Cal. 2018). The policy at issue in this action, which is attached to plaintiff's TAC, contains such a provision. (Doc. No. 1 at 114) ("This Policy and all disputes arising from policy issuance, policy administration[,] or the handling of any claim shall be determined according to the flood insurance regulations issued by FEMA, [NIFA], and Federal and state common law.").

Title 42 U.S.C. § 4072 provides that:

In the event the program is carried out as provided in [§] 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for

6

the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.  "This one-year statute of limitations also governs actions to recover against WYO companies under SFIPs." *Miller v. Am. Banker's Ins. Grp.*, 85 F. Supp. 2d 1297, 1300 (S.D. Fla. 1999) (citing *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 795 (5th Cir. 1993)); *see also Apatow v. Am. Bankers Ins. Co. of Fla.*, No. 16-cv-00198-MWF-MRW, 2016 WL 7422288, at *2 (C.D. Cal. Dec. 21, 2016) (applying the one-year statute of limitations to a claim brought against a private insurer which issued a SFIP).  "Failure to file suit in federal court within one year of a denial under the NFIP is cause for dismissal of a suit.  In fact, this failure deprives the Court of subject matter jurisdiction over the claims." *Apatow*, 2016 WL 7422288, at *2 (internal citations omitted) (citing *Wagner v. Dir., FEMA*, 847 F.2d 515, 521 (9th Cir. 1988)).

Defendant Transverse has attached the letter denying plaintiff's insurance claim to its motion to dismiss.  (Doc. No. 10 at 28–33.)  The letter is dated June 27, 2023 and the email which it is attached to is dated and indicates it was sent on June 28, 2023.  (*Id.* at 28–29.)  Plaintiff's original complaint in the state action was filed on November 26, 2024, which is more than one year following the issuance and delivery of the letter denying coverage to plaintiff.[1]  (Doc. No. 1 at 9.)  Nevertheless, plaintiff asserts that the one-year filing requirement is a statute of limitations

/////

[1] Defendant Transverse requests that the court take judicial notice of the NFIP Insurance Manual, state court docket, plaintiff's first amended complaint, and plaintiff's second amended complaint. (Doc. No. 11.)  The third and fourth documents are already attached to defendants' notice of removal and accordingly appear in and are a part of the docket in this case and the court need not take judicial notice of those documents. *Davalos v. A. Teichert & Son, Inc.*, No. 2:18-cv-02649-KJM-KJN, 2019 WL 93539, at *2 (E.D. Cal. Jan. 3, 2019) (declining to take judicial notice of documents already on docket as part of a notice of removal).  In light of defendants attaching plaintiff's original complaint to their notice of removal (Doc. No. 1 at 17), the date of filing of this action is evident and the court need not take judicial notice of the state court docket.  Finally, the court does not rely on the NFIP Insurance Manual in this order and accordingly will decline to take judicial notice of that document. *See Shernaman-Vinyard v. County of San Bernadino*, No. 24-cv-01468-KK-SP, 2025 WL 1421374, at *1 n.2 (C.D. Cal. Apr. 11, 2025) (denying request for judicial notice as moot where the court did not rely on the document at issue).

7

subject to equitable tolling.[2]  (Doc. No. 17 at 3–4.)  Indeed, the Sixth Circuit has suggested that § 4072's time bar can be subject to equitable tolling.  *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 947–48 (6th Cir. 2002) (holding that the mistaken filing of an action governed by § 4072 in state court does not toll the time bar set by that statute).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)).

Plaintiff first contends that equitable tolling should apply here because the denial letter invited plaintiff to submit any relevant information to defendant Transverse if plaintiff believed that the decision to deny the claim had been reached in error.  (Doc. No. 17 at 4.)  Plaintiff argues that this indication that defendant Transverse could consider new evidence meant that the letter was not a final and unequivocal denial of plaintiff's claim such that the limitations period did not commence to run at that time.  (*Id.*)  In support of this contention, plaintiff oddly cites a Ninth Circuit case which explicitly rejects plaintiff's argument in this regard.  (*Id.*); *see Wagner*, 847 F.2d at 521 ("Holding that FEMA may inadvertently extend the limitations period by answering claimants' inquiries or by considering new information would contravene a strong public policy to encourage an insurance company to reconsider its original denial when confronted with potentially new facts.  If insurance companies were saddled with the situation that whenever [they] reconsidered an earlier decision it would inaugurate a new limitations period, companies would be reluctant to offer policy holders the luxury of a second evaluation.") (internal quotation marks omitted).  Plaintiff's second contention is that defendant Sevilla misrepresented the scope of the coverage provided by the policy and that this justifies equitable tolling.  (Doc. No. 17 at 4.)  However, plaintiff's allegations in this regard are entirely conclusory, stating only that defendant

---

[2]  Plaintiff also appears to contend that the statute of limitations is only properly raised by way of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), rather than as a motion to dismiss under Rule 12(b)(1) challenging the court's jurisdiction to hear a matter.  (Doc. No. 17 at 3.)  Plaintiff cites no authority to support the proposition that the § 4072's time bar is not jurisdictional.  However, the court need not conclude whether the time bar is jurisdictional or not because, in either event, the court concludes that plaintiff's complaint is subject to dismissal as time-barred.

Sevilla reviewed the policy with plaintiff at times before the eventual denial of coverage.  (TAC at ¶ 11.)  Plaintiff provides no explanation as to what specific misrepresentations were made nor how those misrepresentations prevented him from discovering that his insurance claim had been purportedly wrongfully denied.  *See Christensen v. Am. Home Mortg. Acceptance, Inc.*, No. 10-cv-01024-FCD-KJN, 2010 WL 3069274, at *3 (E.D. Cal. Aug. 3, 2010) (finding that equitable tolling did not apply where the plaintiff was aware of the purportedly wrongful conduct and alleged in conclusory fashion that the defendants' misrepresentations prevented her from discovering her cause of action).  Accordingly, the court rejects plaintiff's argument that equitable tolling applies under the circumstances of this case.

Therefore, the court will grant defendant Transverse's motion to dismiss plaintiff's third amended complaint as time-barred.

**B.      Defendants Comparion and Sevilla's Motion to Dismiss**

1.      Fraud (Claim 2)

Defendants Comparion and Sevilla move to dismiss plaintiff's fraud claim on the basis that plaintiff has failed to allege any specific misrepresentation in his TAC.  (Doc. No. 3 at 5–6.)  Plaintiff argues that he has alleged that defendant Sevilla made misrepresentations regarding the scope of his insurance coverage and that defendant Sevilla is an agent of defendant Comparion.  (Doc. No. 18 at 3–4.)

"The elements of a cause of action for fraud in California are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1994)).  Fraud claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 991 (E.D. Cal. 2012) (applying Rule 9(b) to a fraud claim brought under California law).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the *particular* misconduct so that they can defend against the charge and not just deny that they have done

anything wrong." *Kearns*, 567 F.3d at 1124 (cleaned up) (emphasis added). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

Plaintiff's only allegations regarding what defendant Sevilla told him was that she "represented to Plaintiff that the policy included coverage to compensate for loss to Plaintiff's residence, the auxiliary buildings on his property, and to land, plantings, trees[,] and landscaping," and that he reviewed the policy at an unknown date with defendant Sevilla. (TAC at ¶¶ 10–11.) This allegation is conclusory and insufficient. Plaintiff has failed to allege what specific statements were made (e.g. what form or level of coverage was included in his policy), when those statements were made, or how those statements were false. *See Vess*, 317 F.3d at 1106 ("A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false."); *see also Kaui Scuba Ctr., Inc. v. PADI Ams., Inc.*, No. 10-cv-01579-DOC-MAN, 2011 WL 13225132, at *2 (C.D. Cal. Mar. 15, 2011) (dismissing an intentional misrepresentation claim where the plaintiff failed to allege how any particular actions constituted a misrepresentation). The court concludes that plaintiff's conclusory allegations fail to state a cognizable fraud claim against either defendant Comparion or defendant Sevilla. Accordingly, the court will grant defendants' motion to dismiss plaintiff's second cause of action asserted in his TAC.

2.      Insurance Bad Faith (Claim 3)

Defendants Comparion and Sevilla also move to dismiss plaintiff's insurance bad faith claim on the grounds that they are not parties to the insurance contract at issue in this action. (Doc. No. 3 at 7–8.) Plaintiff argues that he can proceed on this claim through "recognized

/////

/////

/////

/////

/////

theories of broker and agent liability[.]" (Doc. No. 18 at 4.)  Defendants correctly retort that none of the statutory authority which plaintiff cites support this assertion.[3]  (Doc. No. 20 at 5–7.)

"Insurance bad faith is a claim for breach of the implied covenant of good faith and fair dealing.  The covenant is implied from the insurance contract and exists between the contracting parties." *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, No. 22-cv-02887-JSC, 2023 WL 1975248, at *3 (N.D. Cal. Feb. 13, 2023) (internal citations omitted) (citing *Nieto v. Blue Shield of Cal. Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 86 (2010) and *Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034 (1988)).  "Under California law, an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract." *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 575–76 (1973) ("Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing.  Moreover, as agents and employees of the defendant insurers, they cannot be held accountable on a theory of conspiracy.").  Plaintiff concedes that defendants Comparion and Sevilla are not insurers and accordingly are not parties to the underlying contract.  (Doc. No. 18 at 4.)  Accordingly, plaintiff has failed to state a cognizable claim for relief based on insurance bad faith against defendants

/////

/////

/////

---

[3]  In this regard, plaintiff cites to:  (1) a California statute which defines the issuance of statements that misrepresent the terms of an insurance policy as being an unfair method of competition, California Insurance Code § 790.03; (2) a California social security regulation which allows "[i]ssuers" of certain insurance policies for long-term healthcare to be held liable for misrepresentations by agents or brokers of those policies, 22 California Code of Regulations § 58055; (3) a California statute which prohibits healthcare insurance brokers from assisting applicants in submitting fraudulent applications, California Insurance Code § 10119.3; and (4) another California statute regulating the submission of fraudulent information by brokers to healthcare insurance providers, California Health and Safety Code § 1398.8.  (Doc. No. 18 at 2, 4.)  None of these statutes support plaintiff's contention that agent or broker liability exists as to an insurance bad faith cause of action specifically, and the latter three statutes plainly have no bearing on this case because the insurance policy at issue here does not pertain to healthcare.

Comparion and Sevilla.[4]  The court will therefore grant defendants' motion to dismiss plaintiff's third claim asserted in his TAC.

**C.      Leave to Amend**

Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ. P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings."  *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).  Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

Plaintiff requests leave to amend in the event that the court identifies any deficiencies in his TAC.  (Doc. No. 18 at 5.)  As explained above, plaintiff's claims against defendant Transverse are time-barred.  Though the court is skeptical that plaintiff will be able to allege facts justifying equitable tolling, it cannot say with certainty that this deficiency cannot possibly be cured by amendment.  The court has also concluded that plaintiff's insurance bad faith claim against defendants Comparion and Sevilla fails as a matter of law because those defendants were not alleged to be parties to the underlying contract and plaintiff has conceded that this claim against them is brought based solely on their status as agents.  The court therefore finds that the granting of leave to amend the insurance bad faith claim against defendants Comparion and Sevilla would be futile under these circumstances.  In light of the policy of extreme liberality towards leave to amend in the Ninth Circuit, the court will grant plaintiff leave to amend his claims against defendant Transverse and his second claim for fraud against defendants Comparion and Sevilla.

---

[4]  Plaintiff argues that a California appellate court has previously found that "an intermediary's wrongful acts tied to claims handling can create liability" and cites to the decision in *Shade Foods, Inc. v. Innovative Products Sales & Marketing Inc.*, 78 Cal. App. 4th 847, 881 (2000). (Doc. No. 18 at 4.)  Plaintiff's citation to *Shade Foods* is entirely inapposite because in that case the court discussed how an insurer was found to have acted in bad faith by failing to conduct a meaningful investigation into a claim and failing to respond to its own agent's letter disagreeing with the denial of coverage.  *Shade Foods, Inc.*, 78 Cal. App. 4th at 881–82.

**CONCLUSION**

For the reasons above,

1.     Defendant Transverse's motion to dismiss plaintiff's third amended complaint (Doc. No. 10) is GRANTED;

2.     Defendant Comparion's motion to dismiss plaintiff's third amended complaint which was joined in by defendant Sevilla (Doc. No. 3) is GRANTED;

3.     Plaintiff is GRANTED leave to amend his fraud claim as to defendants Comparion and Sevilla and his claims against defendant Transverse to address the deficiencies identified in this order;

4.     Plaintiff is otherwise DENIED leave to amend; and

5.     Plaintiff shall file his fourth amended complaint, or alternatively, a notice of his intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:    **March 5, 2026**                    ___Dale A. Drozd_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

13